IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00151-WYD-CBS

THERESA L. SHAVER, D.D.S; and
SHIPWRECK RANCH, P.C., a dissolved Colorado Professional Dental Services
Corporation, successor-in-interest to FRONT RANGE ORTHODONTICS, P.C.,

     Plaintiffs,

v.

ORTHODONTIC CENTERS OF COLORADO, INC., a Delaware Corporation and wholly
owned subsidiary of ORTHODONTIC CENTERS OF AMERICA, INC.;
ORTHODONTIC CENTERS OF AMERICA, INC., a Delaware Corporation; and
BART PALMISANO, SR.,

     Defendants.
_____

**ORDER**
_____

     THIS MATTER is before the Court on Defendants' Motion to Transfer to United States District Court for the Eastern District of Louisiana [Docket # 20] filed on August 4, 2006.  For the following reasons, Defendants' Motion to Transfer is DENIED.

     Defendants filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana on March 14, 2006 and, as a result, an automatic stay under 11 U.S.C. § 362 was put in place.  This Court recognized that the automatic stay applied to the case at hand in an Order dated May 1, 2006.  Plaintiffs moved for relief from the automatic stay.  On April 26, 2004, the Bankruptcy Court found just cause for the granting of partial relief to the Plaintiffs.  Consequently, the automatic stay was lifted for the limited purpose of

allowing certain courts to decide "only the claims regarding whether the contracts between the parties, including specifically the Business Service Agreements (as may have been amended), are void *ab initio*, illegal and/or unenforceable on their face under applicable state law." (Order at 2).  On November 17, 2006, this Court issued an Order recognizing that Plaintiffs' pending Motion for Summary Judgment could be filed and decided in this Court, pursuant to the Bankruptcy Court's Order.

In the present motion, Defendants ask this Court to transfer this case to the Eastern District of Louisiana.  The parties dispute which statute controls the requested transfer.  Defendants invoke 28 U.S.C. §1412; Plaintiffs argue that 28 U.S.C. §1404(a) governs this motion.  As support for their argument, Defendants urge this Court to find that the present action is a "core proceeding" to the Bankruptcy case.  In the alternative, Defendants argue that this case is at least "related to" the bankruptcy case.  Defendants argue that 28 U.S.C. § 1412 applies in either circumstance.

First, I will consider Defendants' argument that this case is a "core" proceeding to the Bankruptcy case.  The Bankruptcy Code divides claims in bankruptcy proceedings into the categories "core" and "non-core" (or "related to") proceedings. *See, e.g., In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 704 (2d Cir. 1995).  This division of claims was a result of the Supreme Court's determination that "Article III of the Constitution prohibited the bankruptcy court from adjudicating a pre-petition claim by the debtor in an adversary proceeding against a nonparty to the bankruptcy." *Id.* at 705 *citing Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 60 (1982).  In *Tulex Corp. v. Freeze Kids, LLC*, 252 B.R. 32, 37 (S.D.N.Y. 2000), the court

held that a pre-petition breach of contract claim was not a "core" proceeding. Important to the court's reasoning was that the cause of action arose before the Chapter 11 filing and the defendants had not filed a proof of claim. *Id.*; *see also In re Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1102 (2d Cir. 1993) (holding in a similar circumstance that although the outcome of the case could affect the bankruptcy estate, the "adversary proceeding remains a pre-petition contract action that the Supreme Court held in *Marathon Pipeline* may not be finally adjudicated by a non-Article III judge").

In the case at hand, Defendants assert that the Bankruptcy Court, in an Order dated July 17, 2006, determined the present action is a core proceeding to the Bankruptcy case. This assertion mischaracterizes the Bankruptcy Court's Order. In the July 17, 2006, Order, the Bankruptcy Court found that "it has core jurisdiction to determine the issues related to the assumption and/or rejection of the Business Service Agreements ["BSAs"]." This case does not involve the issue of whether the BSAs will be assumed or rejected; rather, this case involves the issue of whether Defendants breached the BSA and whether the BSA is an illegal contract pursuant to Colorado law. It is important to note that Plaintiff Dr. Shaver has not filed a proof of claim in the Bankruptcy Court. [Docket # 27 at 7]. Similar to the case of *Tulex Corp.*, the present action is a pre-petition claim for breach of contract. From the record before me, I do not find that this action is a "core" proceeding.

There is a split of authority as to whether or not transfer can be achieved pursuant to 28 U.S.C. § 1412 in an action that is a "non-core" or "related to"

proceeding. *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 362 (D.Kan. 2004) (recognizing this split of authority); *but see Ni Fuel Company, Inc. v. Jackson*, 257 B.R. 600 (D.Colo. 2000) (in dicta, the Court reasoned that 28 U.S.C. § 1412 did not include "related to" causes of action). However, the Court need not resolve this matter as I find that transfer is inappropriate under either statute. Both 28 U.S.C. § 1412 and 28 U.S.C.§ 1404(a) allow a district court to transfer a case or proceeding "in the interest of justice or for the convenience of the parties." The biggest difference between the statutes is an additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been brought originally. *City of Liberal, Kansas*, 316 B.R. at 362.

Under either venue statute, transfer is discretionary and the moving party must establish its burden by a preponderance of the evidence. *In re Butcher*, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985); *Chrysler Credit Corp. V. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Factors cited by courts in determining whether transfer of venue will serve the interests of justice include: (a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum." *Blanton v. IMN Financial Corp.*, 260 B.R. 257, 267 (2001).

There are two different presumptions that apply to the present Motion to Transfer. On the one hand, there is a presumption that the proper venue for a

proceeding is the district in which the underlying bankruptcy case is pending. *Hohl v. Bastian*, 279 B.R. 165 (W.D.Penn. 2002). On the other hand, there is also a "strong presumption in favor of the Plaintiff's choice of forum." *Official Committee of Asbestos Claimants v. Heyman*, 306 B.R. 746 (S.D.N.Y. 2004). The effect of applying both presumptions is "the two presumptions effectively cancel each other out, and the motion will accordingly be decided on the basis of the remaining factors." *Id*. at 750. In balancing the remaining factors, I find that Defendants have failed to meet their burden of showing that this case should be transferred in the interests of justice or for the convenience of the parties.

Defendants' main argument is that this case should be transferred because a determination in this case will affect the property of the estate. Defendants' argument is weakened by the fact that the only issue presently going forward in this case is Plaintiffs' Motion for Summary Judgment Declaring Defendants' Business Services Agreement Illegal [Docket # 29]. In modifying the automatic stay to allow these claims to go forward, the Bankruptcy Court stated:

> I'm lifting the stay to allow these doctors [among others, Plaintiffs] to present to these four courts–or the courts of these four states the legal issue of whether the BSAs violate the state law policy of those states in question. And not to permit a lengthy factual trial in whether the BSAs as performed or as–as enforced by the OCA in question violated the state law. [#39-2, United States Bankruptcy Court Order Modifying the Automatic Stay].

The determination of whether or not the BSA is illegal will likely be made according to this Court's interpretation of Colorado Law. Accordingly, the present issue before the

Court will not result in an award of damages; rather, Plaintiffs Motion for Summary Judgment is limited to declaratory relief.

Defendants also argue that judicial economy is served by "having all related matters in controversy decided in one forum." [Docket # 35 at 9]. As Defendants note, there are three other cases pending in the United States District Court for the District of Colorado. [Docket # 20 at 1]. In one of these three cases, however, Judge Nottingham has determined that transfer was not warranted. *John Gentile, D.D.S. et al v. OCA, et al*, 05-cv-02062-EWN-CBS. Further, in a non-core proceeding a Bankruptcy court is not able to enter a final judgment; rather, the findings of fact and conclusions of law are submitted to the district court. 28 U.S.C. § 157(c)(1). Consequently, Defendants have not shown that a transfer of this case will result in all matters in controversy being decided by the bankruptcy judge. I do not find that judicial economy will be served by transferring this case.

Moreover, Defendants recognize that the inquiry is "solely whether on its face the BSA is illegal" and "the motion practice will be the same in Louisiana as it would be in Colorado." [Docket #33 at 4]. Consequently, Defendants have not shown that the convenience of the parties warrants a transfer of this case to Louisiana.

For the aforementioned reasons, I find that Defendants have not shown that a transfer in this case is warranted pursuant to either 28 U.S.C. §1412 or §1404(a). Accordingly, it is

ORDERED that Defendants' Motion to Transfer to United States District Court for the Eastern District of Louisiana is **DENIED**.

Dated: January 4, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge