IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00151-WYD-CBS

THERESA L. SHAVER, D.D.S; and
SHIPWRECK RANCH, P.C., a dissolved Colorado Professional Dental Services
Corporation, successor-in-interest to FRONT RANGE ORTHODONTICS, P.C.,

      Plaintiffs,

v.

ORTHODONTIC CENTERS OF COLORADO, INC., a Delaware Corporation and wholly
owned subsidiary of ORTHODONTIC CENTERS OF AMERICA, INC.;
ORTHODONTIC CENTERS OF AMERICA, INC., a Delaware Corporation; and
BART PALMISANO, SR.,

      Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiffs' Motion for Summary Judgment Declaring Defendants' Business Services Agreement Illegal (filed November 16, 2006). The motion asks that the Court enter summary judgment declaring that, under Colorado law, the contractual obligations between Dr. Shaver and Defendants are illegal on their face.  The contractual obligations relate to the Business Services Agreement ["BSA"] whereby Defendants provided management services to Dr. Shaver's orthodontic practice in exchange for Dr. Shaver's payment of a management fee.  (See Ex. 3 to Pl.'s Mot. for Summ. J.)  A response was filed to the motion on February 19, 2007, and a reply was filed March 6, 2007.

By way of background, I note that certain Defendants including Orthodontic Centers of Colorado, Inc. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana on March 14, 2006. The case was automatically stayed by Order dated May 1, 2006. After Plaintiffs moved for relief from stay, the Bankruptcy Court issued an Order on September 19, 2006, granting partial relief. Specifically, the Bankruptcy Court modified the stay to permit this case to be prosecuted to judgment on the claims regarding whether the contracts between the parties, including specifically the Business Services Agreements, are void *ab initio*, illegal and/or unenforceable. I ruled by Order dated November 17, 2006, that since the motion for summary judgment filed by Plaintiffs falls within the category of those claims, I have authority under the modified stay to rule on that motion.

I note that there are other cases filed in this Court that are virtually identical to this one, and involve substantially similar summary judgment motions and business agreements.[1] The Honorable Marcia S. Krieger and the Honorable Robert E. Blackburn have both issued Orders granting Plaintiffs' Summary Judgment Motions, finding that the business agreements are illegal. *See Mason v. Orthodontic Centers of Colorado, Inc.*, Case No. 06-cv-00068-MSK-MJW (Op. and Order Reopening Case and Granting Mot. for Summ. J. filed September 14, 2007) and *Weinbach v Orthodontic*

---

[1] The Business Services Agreement in the *Mason* case is not only substantially similar, but the provisions at issue appear to be virtually identical to the BSA at issue in this case. *See Mason v. Orthodontic Centers of Colorado, Inc.*, Case No. 06-cv-00068-MSK-MJW (Mot. for Summ. J. Declaring Defs.' Business Services Agreement Illegal). To the extent there are differences in the agreements at issue in the cases, I find that those differences are inconsequential when it comes to the arguments made in the summary judgment motions.

*Centers of Colorado, Inc.*, Case No. 06-cv-00256 (Order Granting Pls.' Mot. for Summ. J. filed September 24, 2007).

I find that the Opinions and Orders issued by Judge Krieger and Judge Blackburn are thorough and sound, and that the reasoning in those Orders applies equally to the BSA at issue in this case.  Accordingly, I adopt the reasoning in those Orders and find that portions of the BSA at issue (those portions which can be interpreted to require fee sharing or which provide for maintenance of a dental proprietorship by the defendants) are illegal as against Colorado public policy.

As to the remedy, both Judge Krieger and Judge Blackburn recognized that the Bankruptcy Court has authorized this suit to proceed only insofar as the parties seek a declaration as to the validity or legality of the agreement.  While Plaintiffs asked in their summary judgment motion that I issue an injunction prohibiting Defendants from enforcing the BSA against Dr. Shaver, the motion is denied without prejudice as to that request.  I decline to fashion a remedy at this time.  Instead, I simply declare that any portions of the BSA that address fee sharing and the maintenance of a dental proprietorship are void as against public policy.

Finally, it appears that since I have ruled on the legality of the BSA, this case is once again stayed pursuant to the automatic stay.  Further, as Judge Blackburn noted, it is far from certain that the claims and issues in this lawsuit will be necessary or proper given the bankruptcy proceeding.  Accordingly, as did Judge Blackburn, I find that this case should be administratively closed subject to reopening for good cause pursuant to D.C.COLO.LCivR 41.2.

In conclusion, it is

ORDERED that Plaintiff's Motion for Summary Judgment Declaring Defendants' Business Services Agreement Illegal (filed November 16, 2007) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.  Specifically, it is granted to the extent it requests that the Court enter summary judgment declaring the BSA illegal and denied without prejudice to the extent it seeks an injunction or some other remedy.  It is

FURTHER ORDERED that this case is **ADMINISTRATIVELY CLOSED**, subject to being reopened for good cause pursuant to D.C.COLO.LCivR 41.2.

Dated:  September 26, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge